**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAJID RAZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KAREN TAYLOR,<br><br>　　　　Respondent. | Civil Action No. 23-3750 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

　　This matter comes before the Court on the Court's *sua sponte* screening of Petitioner Sajid Raza's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

**I.　BACKGROUND**

　　At the time he filed his habeas petition, Petitioner was a state pre-trial detainee detained in the Camden County Correctional Facility.[1] (ECF No. 1 at 1.) Following his arrest in October

---

[1] Petitioner was previously released on pre-trial supervision. *See Raza*, 2023 WL 3720849 at *1 n. 1. It is not clear why he was returned to detention.

2019, Petitioner was charged with making terroristic threats. (ECF No. 1-1 at 14-15.) This trial was ultimately delayed multiple times following the granting of several continuances requested both by Petitioner's own counsel and the prosecution, as well as by Petitioner's firing of his attorney. (ECF No. 1 at 5-7; ECF No. 1-1 at 8; ECF No. 4.) In his habeas petition, Petitioner therefore seeks to challenge his pending criminal charges on speedy trial, public trial, and ineffective assistance of counsel grounds. (ECF No. 1 at 5-7.) In addition to these clear claims for relief, Petitioner also uses his petition as an opportunity to cast aspersions against several state court judges, the prosecutors in his case, and his prior attorney, who Petitioner calls human traffickers, pimps, and child abusers, in apparent attempts to obtain a favorable ruling.

Petitioner's current habeas petition is not Petitioner's first attempt to file a pre-trial habeas. He previously filed three prior petitions, raising largely similar claims, all of which this Court dismissed without prejudice. *See Raza v. Taylor*, No. 23-1869, 2023 WL 3720849 (D.N.J. May 30, 2023); *Raza v. Taylor*, 22-6494, 2023 WL 143340 (D.N.J. Jan. 10, 2023); *Raza v. Taylor*, No. 22-6016, 2022 WL 11703642 (D.N.J. Oct. 20, 2022), *cert. of appealability denied sub nom. Raza v. Warden Camden Cnty. Corr. Facility*, No. 22-3071, 2023 WL 3175489 (3d Cir. Jan. 27, 2023).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition

2

and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DISCUSSION

In this matter, Petitioner seeks to litigate various constitutional challenges, including a speedy trial, Due Process, and ineffective assistance claims, in this Court without first completing his state court criminal proceedings and any appeals from those proceedings. As this Court has previously explained to Petitioner on several occasions, however,

> Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses including those such as the right to a speedy trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

*Raza*, 2022 WL 11703642 at *1.

3

Just as in his previous petitions which this Court dismissed in October 2022, January and May 2023, Petitioner seeks to use this habeas matter to prematurely litigate his various constitutional challenges and defenses in this Court before concluding his criminal proceedings before the state courts, albeit now with a heightened level of anger and allegations of unrelated wrongdoing outside of Petitioner's case. As it fully appears from the petition that Petitioner has not raised any of these claims to the attention of the New Jersey Superior Court Appellate Division and New Jersey Supreme Court, and may not even have raised several of them before the state trial level court, it continues to be the case that Petitioner has not fully exhausted his claims through all three levels of the state courts. Because Petitioner's claims are unexhausted, and because these types of claims do not amount to exceptional circumstances sufficient to warrant pre-trial habeas jurisdiction, *see Moore*, 515 F.2d at 449, and because a state pre-trial detainee may not use a § 2241 petition to prematurely litigate his defenses such as those Petitioner seeks to raise in this matter in federal court prior to the conclusion of his criminal proceedings, this Court must decline to consider his current habeas petition. *Id.* Petitioner's habeas petition will therefore once again be dismissed without prejudice.

### IV.    **CERTIFICATE OF APPEALABILITY**

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that

4

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge